UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SUN WEST BANK,<br><br>             Plaintiff(s),<br><br>v.<br><br>JACQUELINE DELANEY, et al.,<br><br>             Defendant(s). | 2:13-CV-924 JCM (VCF) |

**ORDER**

Presently before the court is defendant Jacqueline Delaney's motion to dismiss (doc. # 34), in which defendant Kenneth Templeton joined (doc. # 35). Plaintiff, the Federal Deposit Insurance Corporation as receiver for Sun West Bank ("FDIC"), has responded. (Doc. # 41). Delaney has replied (doc. # 42) and Templeton has also replied (doc. # 47).

**I.      Background**

Sun West Bank ("SWB") was founded in 1998, with its headquarters in Las Vegas, Nevada. On May 28, 2010, the Nevada Department of Business and Industry, Financial Institutions Division ("NDBI") closed SWB and the FDIC was appointed as receiver.

In the instant action, the FDIC asserts two claims: (1) gross negligence pursuant to § 1821(k) of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"); and (2) breach of fiduciary duty under Nevada law.

**James C. Mahan**
**U.S. District Judge**

The complaint alleges that, as directors of SWB, defendants Delaney and Templeton ("defendants") were required to conduct SWB's business consistent with prudent, safe, and sound lending practices, including following SWB's lending policies and informing themselves about the risks of proposed loans. (Doc. # 1, p. 24-25).

The complaint alleges that in 2005, the board of directors established a ten-year plan to reach a $1 billion threshold in assets, and aggressively extended credit–primarily in commercial real estate and construction areas–in an effort to quickly grow SWB's assets. (Doc. # 1, p. 8). The complaint outlines six loans that defendants approved (doc. # 1, p. 14-24) and alleges that, between June 12, 2007, and May 28, 2010, defendants breached various duties by imprudently approving these loans to non-creditworthy borrowers and limited liability companies with risky characteristics (doc. # 1, p. 8). The complaint states that all six loans defaulted, causing in excess of $8 million in losses.

In the instant motion, defendants argue that Nevada's business judgment rule ("BJR") applies and both claims fail under the rule. The court will address each claim in turn.

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not
2  suffice. *Id.* at 678.

3      Second, the court must consider whether the factual allegations in the complaint allege a
4  plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint
5  alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the
6  alleged misconduct. *Id.* at 678.

7      Where the complaint does not permit the court to infer more than the mere possibility of
8  misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.*
9  (internal quotations omitted). When the allegations in a complaint have not crossed the line from
10 conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

11     The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,
12 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,
13 allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,
14 but must contain sufficient allegations of underlying facts to give fair notice and to enable the
15 opposing party to defend itself effectively. Second, the factual allegations that are taken as true must
16 plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
17 be subjected to the expense of discovery and continued litigation." *Id.*

18 **III.  Analysis**

19     *A.  Claim one - 12 U.S.C. § 1821(k)*

20     FIRREA provides that "a director or officer of an insured institution may be held personally
21 liable for monetary damages in any civil action by . . . [the] receiver . . . for gross negligence,
22 including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than
23 gross negligence) including intentional tortious conduct, as such terms are defined and determined
24 under applicable [s]tate law." 12 U.S.C. § 1821(k). Moreover, § 1821(k) contains a savings clause:
25 "Nothing in this paragraph shall impair or affect any right of the [c]orporation under other applicable
26 law." *Id*.

27 . . .

28

James C. Mahan
U.S. District Judge

- 3 -

(1)     Gross negligence under Nevada law

Under Nevada law, a claim for ordinary negligence requires four elements: (1) defendant owed plaintiff a duty of care; (2) defendant breached that duty; (3) that breach of duty caused harm to plaintiff that was reasonably foreseeable; and (4) damages. *Butler ex. rel. Biller v. Bayer*, 168 P.3d 1055, 1065 (Nev. 2007). "Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a prudent man." *Hart v. Kline*, 116 P.2d 672, 674 (Nev. 1941). "Ordinary and gross negligence differ in degree of inattention, while both differ in kind from willful and intentional conduct which is or ought to be known to have a tendency to injure." *Id*.

Defendants argue that to state a claim for gross negligence under FIRREA, the FDIC must allege facts to satisfy both the legal standard for gross negligence under Nevada law *and* rebut the presumption afforded by Nevada's BJR. For support, defendants cite to non-binding authority that addressed a breach of fiduciary duty under state law, not under FIRREA.

"[T]he business judgment rule does not protect the gross negligence of uninformed directors. . . ." *Shoen v. SAC Holding, Corp.*, 137 P.3d 1171, 1184 (Nev. 2006). Moreover, § 1821(k) expressly authorizes the FDIC to sue directors for gross negligence, as defined under the applicable state law. "FIRREA was enacted at a time when numerous state legislatures had moved to insulate corporate . . . directors from liability." *FDIC v. McSweeney*, 976 F.2d 532, 539 (9th Cir. 1992). To the extent that the BJR would insulate directors from liability for gross negligence under § 1821(k), it is preempted. *See id.* ("State law is preempted where it stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.") (citing *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)) (internal quotations omitted).

While defendants also argue that the complaint merely alleges simple negligence, their contention is supported only by facts regarding the circumstances surrounding the loans, which are in dispute. At this stage, the court must take the factual allegations contained in the complaint as true. *Iqbal* at 1950.

. . .

James C. Mahan
U.S. District Judge

- 4 -

1    The complaint alleges that, as directors, defendants had a duty to conduct SWB's business
2 consistent with prudent, safe, and sound lending practices, and that they breached this duty by
3 imprudently approving six loans. The complaint states that members of SWB's board of directors
4 had "considerable banking and commercial development experience," which defendants do not
5 dispute. (Doc. # 1, p. 8). The complaint further alleges that, despite such experience, defendants
6 negligently approved six high-risk loans in a failed attempt to grow SWB's assets to over $1 billion.
7 The complaint states sufficient facts to support a reasonable inference that default on the six loans
8 was reasonably foreseeable.

9    Accordingly, based on the allegations of misconduct related to the issuance of the six loans,
10 the complaint plausibly states a claim for gross negligence. The court will deny the motion to dismiss
11 as to this claim.

12    B.    *Claim two - breach of fiduciary duty under Nevada law*

13    "[A] board's power to act on the corporation's behalf is governed by the directors' fiduciary
14 relationship with the corporation and its shareholders, which imparts upon the directors duties of care
15 and loyalty." *Shoen*, 137 P.3d at 1178-79 (citations omitted). "[T]he duty of care consists of an
16 obligation to act on an informed basis; the duty of loyalty requires the board and its directors to
17 maintain, in good faith, the corporation's and its shareholders' best interests over anyone else's
18 interests." *Id*.

19    Balancing these duties "is the protection generally afforded to directors in conducting the
20 corporation's affairs by the business judgment rule." *Id*. at 1179. "[E]ven a bad decision is generally
21 protected by the business judgment rule's presumption . . . ." *Id*. at 1181. "[T]he Nevada Legislature
22 codified the business judgment rule at NRS 78.138." *Id*. at 1179.

23    Nevada's business judgment rule states in relevant part:

24
25    3. Directors and officers, in deciding upon matters of business, are
      *presumed* to act in good faith, on an informed basis and with a view
26    to the interests of the corporation.

27    . . .

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

> 7. [A] director or officer is not individually liable to the corporation or its stockholders or creditors for any damages as a result of any act or failure to act in his or her official capacity as a director or officer unless it is *proven* that:
>
>> (a) The director's or officer's act or failure to act constituted a breach of his or her fiduciary duty as a director or officer; and
>>
>> (b) The breach of those duties involved intentional misconduct, fraud or a knowing violation of law.

NRS 78.138 (emphasis added).

The complaint alleges that, as directors, defendants owed SWB fiduciary duties to act on an informed basis and in the best interest of SWB. Based on the same factual allegations as the FDIC's gross negligence claim, the complaint re-alleges defendants' same breaches. The FDIC argues that the breach of fiduciary duty claim must stand because it has stated a plausible claim for gross negligence that is supported by numerous factual allegations.

The duty alleged in a gross negligence claim is different from the duty alleged in a breach of fiduciary duty claim and must be addressed accordingly. The complaint contends that defendants imprudently approved six loans despite their experience and knowledge of the loans' risky characteristics. While the complaint does not expressly allege that defendants breached their duty of care, it states facts sufficient to support a reasonable inference that defendants breached that duty and, if true, that defendants are liable. Specifically, the complaint enumerates several SWB policies that defendants neglected to follow and various warnings that defendants ignored in their approval of six loans, which all resulted in default.

In response, defendants argue that "the business judgment rule . . . operates to preclude liability for any damages resulting from a breach of fiduciary claim." (Doc. # 34, p. 16). Defendants also argue that the FDIC failed to allege intentional misconduct, fraud, or a knowing violation of law. Defendants contend that these deficiencies warrant the dismissal of the FDIC's breach of fiduciary duty claim.

. . .

1   However, defendants misstate the BJR. The BJR does not "preclude" liability for a breach of fiduciary duty; it merely creates a *presumption* that directors act on an informed basis and in the best interest of the corporation. Although the BJR states that a claimant must prove that the breach of fiduciary duties involved intentional misconduct, fraud or a knowing violation of the law, such proof is not required at this stage of the proceedings. The allegations set forth by the complaint are sufficient at this stage to rebut the presumption created by the BJR. While defendants may prevail under the BJR at the summary judgment stage or at trial, such a determination is inappropriate at this motion to dismiss stage.

Accordingly, the court will also deny the motion to dismiss as to this claim.

## IV.  Conclusion

Defendants motion to dismiss the FDIC's claims for gross negligence pursuant to § 1821(k) and breach of fiduciary duty under Nevada law will be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 34), be, and the same hereby is, DENIED.

DATED   July 2, 2014.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge